



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ROBYN N. PULLIO**
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

April 23, 2008

BY HAND
Honorable Laura T. Swain
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007



Re: Nadine Leach v. The City of New York, et al., 08 CV 3249 (LTS)

Dear Judge Swain:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendant the City of New York. I am writing with the consent of plaintiff's counsel, Michael Colihan, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from April 23, 2008, to June 23, 2008, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, *inter alia*, that plaintiff Nadine Leach was subjected to false arrest and imprisonment and malicious prosecution. In addition to the City of New York, the complaint also purports to name Police Officer Bennett as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

    Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The individually named defendant must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v.

---

[1] Although this office does not currently represent Police Officer Bennett, and assuming that this individual is properly served, this office also respectfully requests this extension on Officer Bennett's behalf in order to prevent the individual defendant's defenses from being jeopardized while representational issues are being resolved.

1

<u>The City of New York et al.</u>, 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request to extend the City's time to answer the complaint until June 23, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  BY FAX
Michael Colihan
44 Court Street, Suite 911
Brooklyn, NY 11201
(718) 488-7788
Fax: (718) 694-0357

*The request is granted as to the City and Officer Bennett.*

SO ORDERED.

/s/ 4/28/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

2