UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

NADINE LEACH,

                                Plaintiff,        **JOINT PRELIMINARY PRE-TRIAL STATEMENT**

-against-

THE CITY OF NEW YORK, et al.,

                           08 Civ. 3249 (LTS)

                            Defendants.

------------------------------------------------------------------x

       Now come the parties, by and through their respective counsel, and hereby and herein submit the following as a Preliminary Pre-Trial Statement as required by the Individual Rules of the Honorable Laura Taylor Swain, United States District Judge, Southern District of New York.

**A)  A concise statement of the nature of this action**

Plaintiff's Statement:

       This action for violation of the civil rights of the plaintiff stems from the plaintiff's arrest on June 19, 2007 in Kings County & incarceration for approximately seven days.

Defendant's Statement:

       On June 19, 2007, at approximately 8:55 p.m., in the vicinity of 84 Herkimer Street, Brooklyn, N.Y., plaintiff was observed by an undercover police officer acting as a look out during a drug sale that was made to said undercover police officer. Plaintiff was arrested and then prosecuted on a charge of Criminal Facilitation in the Fourth Degree, P.L. § 115.00(1), until the criminal case was dismissed on March 12, 2008.

1

**B) A concise statement of the basis of this Court's jurisdiction over the action.**

<u>Plaintiff's Statement</u>:

This action is brought under for the violation of the civil rights.

of the plaintiff.

<u>Defendant's Statement</u>:

Based on the facts alleged, defendant does not challenge this Court's jurisdiction under 28 U.S.C. §1331 and §1343(3) to adjudicate this action that is brought pursuant to 42 U.S.C. § 1983.

**C) A concise statement of all material uncontested or admitted facts.**

1) The plaintiff was arrested on or about June 19, 2007 in the vicinity of 84 Herkimer Street, Brooklyn, New York.

2) The plaintiff was charged in the Criminal Court of the City of New York & County of Kings with a violation of New York Penal Law § 115.00 (Criminal Facilitation).

3) The docket number of the criminal action was 2007KN046343

4) That the plaintiff was incarcerated for approximately seven days

5) The case against the plaintiff was dismissed on or about March 12, 2008, by Judge Miller in the Criminal Court of the City of New York County of Kings in Jury 1 upon motion of the Kings County District Attorney.

**D) A concise statement of all material uncontested legal issues.**

Plaintiff's Statement:

The plaintiff believes that there is no legitimate dispute as to the jurisdiction of this Court, the fact of the arrest, length of incarceration or fact of dismissal of the underlying criminal action.

Defendant's Statement:

There is no dispute as to the jurisdiction of this Court, the fact of plaintiff's arrest, or that plaintiff's underlying criminal case was dismissed. However, plaintiff must prove all of the elements of her claims by a preponderance of the evidence.

**E) A concise statement of all legal issues to be decided by the Court.**

Plaintiff's Statement:

The plaintiff is not currently aware of any legal issues to be decided by the Court.

Defendant's Statement:

- Whether plaintiff has adequately stated a claim upon which relief can be granted.

- Whether there was probable cause to affect plaintiff's arrest and detention.

- Whether it was objectively reasonable for police officer(s), assuming individual police officers are identified and made parties to this litigation, to believe that their acts did not violate plaintiff's clearly established rights.

- Whether any conduct by defendant was the proximate cause of any injury to plaintiff under federal law.

- Whether plaintiff complied with the notice of claim provisions claims pursuant to New York General Municipal Law § 50-e, so that she can pursue state law claims.

- Whether the City of New York is entitled to governmental immunity.

- Whether punitive damages are obtainable as against the municipal defendant.

**F) Each party's concise statement of material disputed facts.**

Plaintiff's Statement:

It is the plaintiff's position that there was no probable cause for her arrest. This will likely be the central disputed issue in this matter.

Defendant's Statement:

It is the defendant's position that there was probable cause for plaintiff's arrest. As is stated above, on June 19, 2007, at approximately 8:55 p.m., in the vicinity of 84 Herkimer Street, Brooklyn, N.Y., plaintiff was observed by an undercover police officer acting as a look out during a drug sale that was made to said undercover police officer. Plaintiff was arrested and then prosecuted by the Kings County District Attorney's Office on a charge of Criminal Facilitation in the Fourth Degree, P.L. § 115.00(1), until the criminal case was dismissed on March 12, 2008.

**G) A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law to be relied upon by such plaintiff or counterclaimant.**

Plaintiff's Statement:

42 U.S.C. §1983 allows an action for an arrest & imprisonment without probable cause.

Defendant's Statement: n/a

**H) Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

Plaintiff's Statement:

The plaintiff does not intend to assert any defenses in this action.

Defendant's Statement:

1. The complaint fails to state a claim upon which relief can be granted. Goldman v. Belden, 754 F.2d 1059, 1065 (2d. Cir. 1985); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

2. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant.

4. At all times relevant to the acts alleged in the complaint, defendant City acted reasonably in the proper and lawful exercise of its discretion. Therefore defendant City is protected by governmental immunity from liability. Gonzalez v. Doe, 476 F.2d 680, 685 (2d Cir. 1973).

5. Any individual police officers identified and made parties to this action would be entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194 (2001); Robinson v. Via, 821 F.2d 913 (2d Cir. 1987); Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999).

5

6. There was probable cause for plaintiff's arrest and prosecution. Therefore, there is no liability under Section 1983 for false arrest, false imprisonment or malicious prosecution. Singer v. Fulton County Sheriff, et al., 63 F.3d 110, 118 (2d Cir. 1995).

7. Plaintiff cannot state a § 1983 claim against the City of New York because she cannot establish a constitutional violation, let alone an unconstitutional municipal policy, practice, or custom. Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987).

8. Punitive damages are not recoverable as against defendant City. See, e.g., Tout v. County of Erie, 1998 U.S. Dist. LEXIS 15466, at *16 (W.D.N.Y. Sept. 9, 1998).

9. To the extent that plaintiff asserts state law causes of action, such claims may be barred for failure to comply with notice of claim provisions. See Gen. M. Law §§50-e and 50-i; see also Bailey v. Tricolla, 1996 U.S. Dist. LEXIS 20067, at *12-13 (E.D.N.Y. Dec. 11, 1996).

I) **A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

Plaintiff's Statement:

The defendant carries the burden of proof as to the existence of probable cause & the plaintiff has the burden of proof as to damages.

Defendant's Statement:

- In order to recover damages for any injury, a plaintiff must show by a preponderance of the credible evidence that plaintiff's alleged injury was caused by the conduct of the defendant.

6

- As to the defense of qualified immunity, defendant police officers (assuming they are named) have the burden of proof.

**J) Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

The plaintiff is not currently aware as to the need to amend any pleadings or add or substitute parties. As discovery progresses, this may change.

**K) A statement as to whether all parties consent to transfer of the case by a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

All parties do not consent to a trial of this matter by a Magistrate Judge.

**L) What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a) were made or will be made.**

Plaintiff's Statement:

The plaintiff has supplied his Rule 26 disclosure as of August 8, 2008. The plaintiff makes no request to alter the timing of any disclosures from normal standards.

Defendant's Statement:

The defendant respectfully requests until August 15, 2008 to make its disclosures under Fed. R. Civ. P. 26(a).

7

## M) The subjects on which disclosure may be needed and a proposed discovery cutoff.

Plaintiff's Statement:

The plaintiff will request paper discovery in the form of the police reports prepared for this arrest & prosecution, the disciplinary history of the individual defendants, and a deposition of the individual defendants.

Defendant's Statement:

Defendant's contemplated discovery includes, but is not limited, to the following:

1. Interrogatories and document requests.

2. Depositions of plaintiff.

3. Depositions of any additional non-parties identified throughout the course of discovery.

4. If there is a claim of physical and/or emotional injury in this action, defendant will seek to depose any physicians that may have treated plaintiff as a result of the incident in question.

5. Depositions of plaintiff's expert witnesses, should any be identified.

6. Defendant will seek disclosure of plaintiff's complete medical history, including psychiatric history, for at least the past ten years.

7. Defendant will seek documentation regarding plaintiff's arrest and criminal history, if any.

8. Defendant will seek records of any employer who employed plaintiff for the past ten years.

9. If there is a claim of lost income in this action, defendant will seek plaintiff's federal and state income tax returns since the incident and for the five years prior to the date of incident.

10. Defendant will seek documentation regarding insurance carriers with whom plaintiff has made claims within the last five years.

Proposed Discovery Cutoff Date:

Defendant respectfully proposes that the cutoff date for fact discovery be set for February 16, 2009, and that the issue of timing and deadlines for expert discovery and dispositive motions be revisited at the close of fact discovery.

**N) Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

Plaintiff's Statement:

The plaintiff has no plan to retain any experts.

Defendant's Statement:

Defendant has no plan to retain any experts at this time.

O) **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

The parties are not making any request to limit discovery that exceeds that of the F.R.C.P. & Local Rules of the Southern District of New York.

P) **The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.**

No settlement discussions have taken place to date. To date, plaintiff has not provided a settlement demand, and defendants cannot properly assess this matter until the appropriate documentation is received. The prospects for resolution are unclear at this point. However, the parties will explore settlement as discovery proceeds.

Q) **A statement by each party as to whether the case is to be tried with or without a jury and the number of trial days expected to be needed for presentation of that party's case.**

The parties agree that this case is to be tried with a jury and anticipate the trial to last approximately three to four seven hour days.

R) **Any other orders that should be entered by the Court under Fed. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

No such orders are anticipated to date. The parties, through their respective counsel, reserve their right to amend and to supplement this Preliminary Pre-trial Statement.

10

Dated: New York, New York
August 12, 2008

| | |
|---|---|
| MICHAEL COLIHAN<br>Attorney for Plaintiff<br>44 Court Street Suite 911<br>Brooklyn, New York 11201<br>(718) 488-7788 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br> City of New York<br>Attorney for Defendant City of New York<br>100 Church Street<br>New York, New York 10007<br>(212) 788-1090 |
| By: /s/ Michael Colihan<br>MICHAEL COLIHAN (MC 0826) | By: _____<br>ROBYN N. PULLIO (RP 7777)<br>Assistant Corporation Counsel<br>Special Federal Litigation |

SO ORDERED:

_____
LAURA TAYLOR SWAIN, U.S.D.J.