

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street, 3rd Floor
New York, New York 10007

August 14, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 5 2008

**BY FACSIMILE AND HAND DELIVERY**

Hon. Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007

**MEMO ENDORSED**

Re: Estate of Lorette Jolles Shefner v. Tuchman,
08 Civ. 4443 (LTS)

Dear Judge Swain:

      I write respectfully on behalf of defendant the National Gallery of Art ("National Gallery") regarding the Court's Order dated August 13, 2008 ("August 13 Order"), which terminated the National Gallery's motion to dismiss the complaint, without prejudice, because the motion papers filed on August 1, 2008, failed to include a certification pursuant to Paragraph 2.B. of Your Honor's Individual Practices. Pursuant to the August 13 Order, for the reasons set forth below, the National Gallery respectfully requests that the Court reinstate the motion to dismiss. In addition, the National Gallery respectfully requests leave, nunc pro tunc, to file an oversized brief in support of the motion.

      As an initial matter, the National Gallery apologizes for its inadvertent non-compliance with Paragraph 2.B. of Your Honor's Individual Practices. Before filing the National Gallery's motion to dismiss, I consulted the version of the Individual Practices that was served with the complaint (the "Service Copy"), a copy of which is enclosed at Tab A. The Service Copy did not contain the certification requirement referenced by the August 13 Order.[1] Upon receipt of the Court's August 13 Order, I reviewed the Service Copy again and realized that it omitted pages 2-3 of Your Honor's Individual Practices, apparently as a result of a copying error. I did not notice this omission until I reviewed the Service Copy again in response to the August 13 Order. I regret that I did not notice the error in the Service Copy prior to filing the motion.

---

[1] In noting this error in the Service Copy, I do not suggest any fault on the part of plaintiff's counsel. The error appears to have originated with the Clerk's Office, as explained below.

Presuming that the Clerk's Office distributed the Service Copy to plaintiff at the time the complaint was filed, this Office obtained this morning from the Clerk of Court an additional copy of Your Honor's Individual Practices, which is enclosed at Tab B. The version obtained this morning, like the Service Copy, is missing pages 2-3. I am alerting the Clerk of Court by separate letter of the error in its version of Your Honor's Individual Practices, so that this problem does not recur.

With regard to the certification requirement in Your Honor's Individual Practices, the parties have conferred informally to resolve the matters in controversy in this case. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, the Estate was required to present an administrative claim to the National Gallery prior to initiating this lawsuit. As a result, before the Estate filed the complaint in this case, the parties exchanged multiple correspondence outlining their respective legal and factual positions regarding the painting that is the subject of this case. In addition, upon receipt of the August 13 Order, I contacted counsel for the Estate by telephone, and we exchanged correspondence by email. In light of these communications with counsel, and the parties' communications prior to the filing of the complaint, I certify to the Court that the National Gallery has used its best efforts to resolve informally the matters raised in its motion to dismiss.[2] Accordingly, pursuant to the August 13 Order, I respectfully request that the Court reinstate the National Gallery's motion to dismiss.

I further respectfully request that the Court grant the National Gallery permission, nunc pro tunc, to file a memorandum of law of 34 pages in support of its motion to dismiss. As noted above, I consulted the Service Copy of Your Honor's Individual Practices before filing the motion to determine, among other things, whether they contained any page limitations for memoranda of law. The Service Copy contained no limitations, and accordingly I filed a brief of 34 pages. I now see that pages 2-3 of Your Honor's Individual Practices, which were omitted from the Service Copy, contain a 25-page limitation on memoranda of law. Therefore, I respectfully request that the Court grant relief from that limitation nunc pro tunc, and correspondingly grant plaintiff permission to file an oversized brief in opposition, if it wishes to do so. Plaintiff's counsel has advised that he takes no position with regard to this request.

---

[2] Plaintiff's counsel has suggested that the principals of the parties meet to discuss a possible settlement. However, in light of the parties' extensive correspondence concerning their respective positions, and the National Gallery's firm belief that it has no liability in this matter, we do not believe that such a meeting would be fruitful.

I thank the Court for its consideration of these requests, and respectfully request that this letter be docketed and made part of the record in this case. Because this letter with enclosures exceeds five pages, I am transmitting the letter only by facsimile, and will send the original letter and enclosures to Chambers by hand-delivery.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: /s/ Sarah S. Normand
SARAH S. NORMAND
Assistant United States Attorney
Tel.: (212) 637-2709
Fax: (212) 637-2702

Encls.
cc: Karl Geerken, Esq.
90 Park Avenue
New York, NY 10016
Counsel for Plaintiff
(Letter by facsimile; original with enclosures by Federal Express)

Georges G. Lederman, Esq. (by fax)
52 Duane Street, 7th Floor
New York, NY 10007
Counsel for Defendants Tuchman and Dunow
(Letter by facsimile; original with enclosures by Federal Express)

*The requests are granted.*

SO ORDERED.

NEW YORK, NY
8/15/2008
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE